IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECB USA, INC., ATLANTIC VENTURES CORP., and G.I.E. C2B, <br><br> *Plaintiffs*, <br><br> v. <br><br> SAVENCIA, S.A., and ZAUSNER FOODS CORP., on behalf of itself, and as successor in interest to ZNHC, INC., <br><br> *Defendants*. | Civ. No. 19-731-RGA |

**MEMORANDUM**

In this action, Plaintiffs ECB, Atlantic Ventures, and G.I.E. C2B ("C2B") assert multiple state law tort claims against Defendants Savencia and Zausner Foods Corp. based on a transaction in which ECB and non-party Voss Enterprises formed Atlantic Ventures, and Atlantic Ventures purchased all the shares of Schratter Foods, Inc., a U.S. distributor of specialty cheeses and other dairy products. Plaintiff C2B's relationship to the transaction and the parties is not entirely clear. (*See* D.I. 135 at 43). Defendant Savencia is the ultimate parent corporation of Defendant Zausner Foods which, in turn, is the direct parent corporation of ZNHC, Inc., the entity that sold Schratter Foods to Atlantic Ventures. The claims are breach of contract (Count 1), fraud in the inducement (Counts 2-3), fraud (Counts 4-6), aiding and abetting a breach of fiduciary duty (Count 7), and conspiracy (Counts 8-9). Count 1 is asserted only against Zausner and the remaining counts are asserted against all Defendants.

Both Zausner and Savencia have filed motions to dismiss Plaintiffs' First Amended Complaint. (D.I. 82, D.I. 84). Zausner relies on Rule 12(b)(6), while Savencia relies on both Rule

12(b)(6) and Rule 12(b)(2). Pending before me is the Report & Recommendation ("Report") of a United States Magistrate Judge recommending that: (i) Zausner's motion to dismiss be granted in part and denied in part with respect to Count 1 and granted with respect to Counts 2-9; and (ii) Savencia's motion to dismiss be denied as to Rule 12(b)(2) but granted as to Rule 12(b)(6). (D.I. 135). Plaintiffs and Defendants both filed objections and responses thereto. (D.I. 137, D.I. 138, D.I. 139, D.I. 140). The Magistrate Judge's Report is thorough, and I will adopt the factual findings and legal conclusions in the Report. I do not separately recite any of them except as I think necessary to explain my decision.

## I. LEGAL STANDARD

Magistrate Judges have the authority to make recommendations as to the appropriate resolution of a motion to dismiss the complaint pursuant to 28 U.S.C. § 636(b)(1)(B). In the event of an objection, this Court reviews the objected-to determinations de novo. Fed. R. Civ. P. 72(b)(3); D. Del. LR 72.1(a)(3).

## II. DISCUSSION

Defendants object to the Report's finding that: (1) Savencia impliedly consented to personal jurisdiction, (2) the statute of limitations was tolled pursuant to the equitable tolling doctrine, (3) a contractual term shortening the survival period of various representations and warranties in Share Purchase Agreement (the "SPA") governing the Schratter Foods transaction is void under Florida law, and (4) Plaintiffs adequately plead a claim for breach of contract. (D.I. 138 at 1). Plaintiffs object on the grounds that: (1) the Report applied the statute of limitations of Delaware, not Florida, to the claims against Savencia, and (2) the Report did not determine if the "law of the case" doctrine gave Delaware personal jurisdiction over Savencia. (D.I. 137 at 1).

Each of these objections, to the extent they are not made moot by other rulings, are addressed in turn.

### A. Personal Jurisdiction

The Report recommends that Savencia's motion to dismiss for lack of personal jurisdiction be denied, because Savencia impliedly consented to jurisdiction by voluntarily joining Zausner's motion to transfer this action from the Southern District of Florida to Delaware pursuant to 28 U.S.C. § 1404(a). (D.I. 135 at 12). Under Section 1404(a), a district court may transfer a civil action to any other district "where it might have been brought" or to any district "to which all parties have consented." 28 U.S.C. § 1404(a).

As the Report explained, and several courts in this circuit have held, the "might have been brought" requirement under Section 1404(a) means the district to which the action is transferred, i.e., the transferee district, must: (1) be a proper venue, (2) have subject matter jurisdiction over the claims, and (3) have personal jurisdiction over the defendants. *See* D.I. 135 at 13-14; *In re: 3M Co. Sec. Litig.*, 2020 WL 5105233, at *2 (D.N.J. Aug. 31, 2020) (identifying the "might have been brought" requirements); *see also Sunbelt Corp. v. Noble, Denton & Assoc., Inc.*, 5 F.3d 28, 33 (3d Cir. 1993) (reversing a transfer under Section 1404(a) because the transferee district did not have personal jurisdiction over defendant and, therefore, was not a jurisdiction in which the action "might have been brought").[1]

---

[1] For additional cases in this circuit imposing a personal jurisdiction requirement under the "might have been brought" prong of Section 1404(a), *see*, *e.g.*, *Int'l Constr. Prod. LLC v. Caterpillar Inc.*, 2020 WL 4589775, at *4 (D. Del. Aug. 10, 2020); *Fed. Trade Comm'n v. Neora, LLC*, 2020 WL 4282753, at *6 (D.N.J. July 27, 2020); *Geraci v. Red Robin Int'l, Inc.*, 2019 WL 2574976, at *2 (D.N.J. June 24, 2019); *Bristol-Myers Squibb Co. v. Merck & Co., Inc.*, 2016 WL 3769344, at *4 (D. Del. July 13, 2016); *McGrath v. Nationwide Mutual Ins. Co.*, 2016 WL 1237350, at *4 (W.D. Pa. Mar. 30, 2016); *Nottenkamper v. Modany*, 2015 WL 1951571, at *2 (D. Del. Apr. 29, 2015); *Pollack v. EMS Fin. Serv., LLC*, 2015 WL 3848890, at *3 (M.D. Pa. June 22, 2015).

By consenting to transfer under Section 1404(a), a defendant waives any argument that the transferee district is not one where the action "might have been brought" and, therefore, also impliedly waives any argument that the transferee district does not have personal jurisdiction over the defendant. (D.I. 135 at 16-21). Any other interpretation could result in a "vicious cycle of litigation" where defendants delay reaching the merits of the case, and waste limited judicial resources, by repeatedly consenting to a transfer and then obtaining a dismissal based on lack of personal jurisdiction. *Lockett v. Pinnacle Entm't, Inc.*, 2019 WL 4296492, at *7 (W.D. Mo. Sept. 10, 2019).

Savencia's arguments to the contrary are unpersuasive. "Nothing within § 1404 prohibits a court from severing claims against some defendants from those against others and transferring the severed claims." *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999). Thus, Savencia was not required to consent to a transfer so that Zausner might get the benefit of the forum selection clause in the SPA. And the fact that Delaware would have personal jurisdiction over less than all Defendants absent Savencia's consent did not prevent the Southern District of Florida from transferring less than all Defendants.[2]

In addition, Section 1404 does not set a time limit on when to file a motion to transfer. *Lockett*, 2019 WL 4296492, at *7. Thus, nothing prevented Savencia from waiting until the Southern District of Florida ruled on its motion to dismiss pursuant to Rule 12(b)(2) or requesting transfer only in the event the Southern District of Florida denied its motion to dismiss.

---

[2] I do not address Defendants' conclusory argument based on 28 U.S.C. § 1391(c)(3), because it did nothing more than incorporate other briefing by reference. *See* D.I. 138 at 5; *Johnson-Braswell v. Cape Henlopen School Dist.*, 2015 WL 5724365, at *12 n. 9 (D. Del. Sept. 29, 2015) (holding that plaintiff waived arguments that were "cursory and simply incorporate[d] other briefing by reference").

Finally, Savencia may have expressly reserved its right to contest personal jurisdiction in several filings made in the Southern District of Florida, but such a reservation cannot be used as both a sword and a shield allowing Savencia to seek the jurisdiction of Delaware courts while at the same denying that such jurisdiction exists. Defendants' objection related to issues of personal jurisdiction is overruled.

Because I am adopting the Report's recommendation that Delaware has personal jurisdiction over Savencia, which is an outcome that favors Plaintiffs, I see no reason to address Plaintiffs' objection regarding "the law of the case doctrine," which Plaintiffs assert was an alternative basis for finding personal jurisdiction over Savencia. The Report was likewise correct is seeing no reason to address this argument. (D.I. 135 at 12 n. 7 (declining to decide "law of the case" argument as it was not needed to find personal jurisdiction over Savencia)). Accordingly, Plaintiffs' objection related to issues of personal jurisdiction is also overruled.

### B. Equitable Tolling

According to Defendants, the Report made three errors leading to the incorrect conclusion that the equitable tolling doctrine tolled the statute of limitations for Plaintiffs' claims: (1) fraudulent concealment is a required element of the equitable tolling doctrine, which Plaintiffs complaint fails to plead; (2) the rule of *Bovay*, which may be used to extend the equitable tolling doctrine to non-fiduciaries, is limited to conspiracy claims and, therefore, cannot be used to toll the statute of limitations for Plaintiffs' non-conspiracy claims; and (3) there was no pre-closing fiduciary relationship between Plaintiffs and non-party co-conspirator Alain Voss, which Plaintiffs were required to plead in order for the equitable tolling doctrine to apply. (D.I. 138 at 8-10).

None of these arguments were made before the Magistrate Judge.[3] *See* D.I. 95 at 6; D.I. 96 at 15. Indeed, the Report noted that Defendants did not argue that the equitable tolling doctrine did not apply to non-conspiracy claims. (D.I. 135 at 36 n. 32). Thus, these arguments are not proper grounds for an objection. *Evertz Microsystems Ltd. v. Lawo Inc.*, 2020 WL 4673829, at *2 (D. Del. Aug. 12, 2020) ("The Court will not hear arguments made for the first time in objections to an order when those objections could have (and should have) been made in connection with the motion referred to the Magistrate Judge."). Defendants' objection to the Report's recommendation regarding the equitable tolling doctrine is overruled.[4]

I will adopt the Report's recommendation that the statute of limitations on Plaintiffs' claims are tolled under the equitable tolling doctrine. As a result, I need not address several objections that do not change the finding that Plaintiffs' claim are timely. Specifically, Defendants objected to the Report's conclusion that the survival clause in the SPA, providing for a shorter statute of limitation, is void. (D.I. 138 at 5-8). And, Plaintiffs objected to the Report not applying Florida's longer statute of limitations to the claims against Savencia. (D.I. 137). But regardless of whether a shorter or longer statute of limitations applies, it is tolled.

## C. Contract Claim

In Count I, Plaintiffs alleged a breach of contract claim against Zausner based on the following representations and warranties: III.1, III.3, III.7.(a), (b), and(c), III.8, III.9, III.11, III.20,

---

[3] Defendants may have asserted in a single conclusory sentence that Defendants were not fiduciaries (*see* D.I. 95 at 6), but they made no arguments as to Alain Voss.

[4] I have, in any event, some doubts that Defendants' objections would have succeeded on the merits. Even the cases cited by Defendants state that the equitable tolling doctrine does not require an act of fraudulent concealment. *See, e.g., Weiss v. Swanson*, 948 A.2d 433, 451 (Del. Ch. 2008) ("Under the theory of equitable tolling, the statute of limitations is tolled for claims of wrongful self-dealing, even in the absence of actual fraudulent concealment, where a plaintiff reasonably relies on the competence and good faith of a fiduciary.").

III.21, VI.1, VI.1(u), VI.2, and VI.4. (D.I. 77 ¶ 55). The Report found that, with the exception of III.1 and III.11, "Defendants never provided a real argument regarding the insufficiency of those allegations of breach." (D.I. 135 at 39-40). Therefore, the Report recommended that the Court dismiss only the portion of breach of the contract claim based on III.1 and III.11. (*Id.*).

According to Defendants, their arguments as to III.1 and III.11 were illustrative of the arguments they would have made with respect to the remaining representations and warranties if they were not constrained by page limitations. (D.I. 138 at 10). Thus, the Magistrate Judge should have performed "a full analysis addressing the entirety of the breach of contract claim as to all asserted representations and warranties at issue." (*Id.*). As a general prudential rule, courts only decide issues that are fairly and fully presented. Therefore, cursory arguments not fully developed by the parties are waived. *Lord Abbett Affiliated Fund, Inc. v. Navient Corp.*, 2020 WL 5026553, at *4 (D. Del. Aug. 25, 2020). Defendants' objection to the Report's recommendation on the breach of contract claim is overruled.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' and Defendants' objections (D.I. 137, D.I. 138) are overruled, and the Report and Recommendation (D.I. 135) is adopted. Zausner's motion to dismiss pursuant to Rule 12(b)(6) is granted in part and denied in part with respect to Count 1 and granted with respect to Counts 2-9. (D.I. 82). Savencia's motion to dismiss pursuant to Rule 12(b)(2) is denied, but Savencia's motion to dismiss pursuant to Rule 12(b)(6) is granted. (D.I. 84). The

claims in Count 1 that rely on the representations and warranties in III.1 and III.11 of the SPA are dismissed without prejudice. All other claims in Count 1 are not dismissed. Counts 2-9 are dismissed without prejudice. A separate order will be entered.

Dated: September 8, 2020                  /s/ Richard G. Andrews
                                                                     UNITED STATES DISTRICT JUDGE