IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECB USA, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAVENCIA, S.A. et al.,<br><br>    Defendants. | C. A. No. 19-cv-731-GBW-CJB |
| ECB USA, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAVENCIA, S.A. et al.,<br><br>    Defendants. | C. A. No. 23-mc-197-GBW-CJB |

Thomas G. Macauley, MACAULEY LLC, Wilmington, DE; Stephen G. Harvey, STEVE HARVEY LLC, Philadelphia, PA; Joel S. Magolnick, John E. Kirkpatrick, MARKO & MAGOLNICK P.A., Miami, FL

 *Counsel for Plaintiffs*

David W. Marston Jr., Jody C. Barillare, Brian Morris, MORGAN LEWIS & BOCKIUS LLP, Wilmington, DE; Troy S. Brown, Margot G. Bloom, Su Jin Kim, MORGAN LEWIS & BOCKIUS LLP, Philadelphia, PA; Michael J. Ableson, MORGAN LEWIS & BOCKIUS LLP, New York, NY

 *Counsel for Defendants*

Bruce W. McCullough, BODELL BOVÉ, LLC, Wilmington, DE; Gavin P. Lentz, Albert M. Belmont, III, BOCHETTO & LENTZ, P.C., Philadelphia, PA

 *Counsel for Lewis Gitlin, Esq.*

**MEMORANDUM OPINION**

June 21, 2024
Wilmington, Delaware

1

> GREGORY B. WILLIAMS
> U.S. DISTRICT JUDGE

Pending before the Court in C.A. No. 23-mc-197 (the "Motion to Quash Action") are Lewis Gitlin, Esquire's and Intervenor Zausner Foods Corporation's Objections to Judge Burke's January 11, 2024 Order denying Mr. Gitlin's motion to quash a deposition subpoena served on him by Plaintiffs[1] or, in the alternative, for a protective order (the "Motion to Quash Order"). D.I. 30; D.I. 32; D.I. 33; D.I. 34. Pending before the Court in C.A. No. 23-cv-731[2] are numerous objections by both Plaintiffs and Defendants[3] to Judge Burke's Orders and Reports and Recommendations. In this Opinion, the Court addresses the parties' Objections to Judge Burke's January 4, 2024 Memorandum ordering that an evidentiary hearing shall be held to allow for a final determination as to whether the crime-fraud exception to the attorney client privilege applies in the instant case to certain communications between Defendants and Mr. Gitlin (the Crime-Fraud Order). D.I. 551; D.I. 556; D.I. 557; D.I. 563; D.I. 564. The Court will issue a timely ruling on the parties' remaining Objections at a later date.

## I.   LEGAL STANDARD

The Court reviews a Magistrate Judge's findings of fact for clear error and reviews a Magistrate Judge's legal conclusions *de novo*. 28 U.S.C. § 636(b)(1)(A); *Cornell Univ. v. Illumina, Inc.*, 2017 WL 89165, *8 (D. Del. Jan. 10, 2017). The Court reviews discretionary decisions for abuse of discretion. *Quantum Loyalty Sys. Inc. v. TPG Rewards Inc.*, 2012 WL 1134779, at *1 (D. Del. Apr. 4, 2012). "This deferential standard of review is especially

---

[1] ECB USA, Inc., Atlantic Ventures Corp., and G.I.E. C2B.
[2] All citations to the docket are to the docket in C.A. No. 23-cv-731 unless otherwise noted.
[3] Savencia S.A., Zausner Foods Corp., *et. al*.

appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings." *Id.* (internal citations omitted) (citing *Cooper Hospital/University Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J.1998)).

## II. DISCUSSION

### A. Defendants' Objections to The Motion to Quash Order.

Mr. Gitlin was Zausner's North American General Counsel during the time period at issue in both actions. D.I. 30 at 1. Mr. Gitlin is approximately 65, and suffered a stroke in 2020. *Id.* In the Motion to Quash Action, Mr. Gitlin moved to quash Plaintiff's subpoena because Mr. Gitlin suffers from speech aphasia as a result of the stroke. *Id.* at 3. "The impact of this is that Gitlin: (1) sometimes has 'moments of hesitancy [or] word-finding deficits'; (2) has difficulty with higher-level cognitive function; (3) sometimes gets distracted or lost in thought; (4) is sometimes unaware that he produces incorrect words or sentences; and (5) gets fatigued easily. *Id.* (citing D.I. 1, Ex. C at 3-4, 6; D.I. 2 at ¶ 5).

Judge Burke declined to quash the subpoena. *Id.* at 6. Judge Burke found that (1) Mr. Gitlin was likely to possess relevant information, including testimony that is not protected by the attorney-client privilege, (2) Mr. Gitlin's medical issues did not compel quashing the subpoena because Gitlin's symptoms could be accommodated by pauses or breaks in his deposition, and (3) Mr. Gitlin's counsel and Zausner's counsel could object as needed to prevent inadvertent disclosures of privileged information by Mr. Gitlin. *Id.* at 5-6. Thus, balancing Plaintiffs' interest in the relevant discovery it seeks with the burden that a deposition would entail for Mr. Gitlin in light of his medical condition, Judge Burke ordered that (1) "Gitlin should be deposed in person for no more than two and a third hours per day, over a three-day period of the parties' choosing (that is, for a total of seven hours, broken up over three days)," and (2) "If Gitlin needs to take

breaks or pauses during those days of testimony in light of his condition, the parties should permit that." *Id.*

Mr. Gitlin objects, and argues that Judge Burke failed to consider that (1) Mr. Gitlin's relevant knowledge is protected by the attorney-client privilege, (2) Mr. Gitlin's medical condition makes it likely that he will inadvertently disclose privileged information because he is not neurologically capable of undergoing the cognitive exercise of evaluating whether each answer to a deposition question runs the risk of disclosing a protected communication, and (3) Mr. Gitlin's medical condition makes it so that Mr. Gitlin becomes exhausted after even just one hour of speech therapy. D.I. 32 at 3, 5. Mr. Gitlin argues that his condition, combined with the privileged nature of the information that Plaintiffs seek, justifies quashing the subpoena or granting a protective order. In the alternative, Mr. Gitlin asks the Court to grant his request that he be deposed by written questions instead.

The Court has reviewed Judge Burke's Order, Mr. Gitlin's Objections, and Plaintiffs' Response to Mr. Gitlin's Objections. D.I. 30; D.I. 32; D.I. 33; D.I. 34. The Court agrees with Judge Burke's findings, and finds that Judge Burke did not abuse his discretion in concluding that (1) Mr. Gitlin is likely to be in possession of relevant, non-privileged information, (2) Mr. Gitlin's health concerns can be accommodated by deposing him for no longer than two and a third hours per day over a three day period, with breaks or pauses taken as necessary (including, if Mr. Gitlin's health requires it, ending a day of deposition after less than two and a third hours), and (3) that Mr. Gitlin and Zausner's concerns regarding the inadvertent production of privileged information can be adequately addressed by Mr. Gitlin and Zausner's counsel objecting to questions that call for privileged information, or answers that inadvertently stray into privileged territory. *See, e.g., Hardy v. UPS Ground Freight, Inc.*, C.A. No. 3:17-30162, 2019 WL 13144825, at *4 (D. Mass.

4

Oct. 7, 2019); *Bledsoe v. Remington Arms Co.*, C.A. No. 1:09- CV-69, 2010 WL 147052, at *2 (M.D. Ga. Jan. 11, 2010). Accordingly, the Court ADOPTS Judge Burke's Motion to Quash Order.

### B. Defendant's Objections to The Crime-Fraud Order.

In the Main Action, Defendants filed an Objection to the Crime Fraud Order. D.I. 557. Defendants argue that Judge Burke should have found that no hearing was necessary because the crime-fraud exception to the attorney-client privilege does not apply to the communications between Defendants and Mr. Gitlin that Plaintiffs allege were fraudulent. *Id.* at 2. Defendants contend that Judge Burke erred by (1) not considering Defendants' evidence when determining whether Plaintiffs' had established a *prima facie* showing that the crime-fraud exception applies, (2) failing to identify any evidence put forward by Plaintiffs sufficient to establish the necessary element of reliance, and (3) finding that the evidence put forward by Plaintiff was sufficient to make a *prima facie* showing that the crime-fraud exception applies. *Id.*

      i.      **Whether The Crime Fraud Order Clearly Erred In Determining That A Hearing Was Necessary After Finding That Plaintiffs Established a *Prima Facie* Showing That The Crime-Fraud Exception Applies.**

Under Florida law, the Court follows a burden-shifting procedure to determine whether the crime-fraud exception to the attorney-client privilege applies when a party seeks to overcome that privilege.[4] First, the party seeking to overcome the privilege must make a *prima facie* showing that the crime-fraud exception applies by presenting evidence which, if believed by the fact-finder, would be sufficient to support a finding that the elements of the crime-fraud exception were met.

---

[4] Judge Burke "primarily cited to Florida law" in the Crime Fraud Order to determine whether the crime-fraud exception applies in the instant case. D.I. 551. Defendants did not object to Judge Burke's application of Florida law. Accordingly, the Court also applies Florida law.

5

*Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 95-96 (3d Cir. 1992), as amended (Sept. 17, 1992). Courts have likened the evidence necessary to establish a *prima facie* case to the evidence necessary to making a showing of probable cause in the criminal context. *See, e.g., In re John Doe Corp.*, 675 F.2d 482, 491 (2d Cir. 1982). If the party seeking to overcome the privilege has made its initial showing, the burden of persuasion shifts to the party asserting the privilege to provide a reasonable explanation for the conduct or communication at issue. *Am. Tobacco Co. v. State*, 697 So. 2d 1249, 1256 (Fla. Dist. Ct. App. 1997). "The importance of the privilege ... as well as fundamental concepts of due process require that the party defending the privilege be given the opportunity to be heard, by evidence and argument, at the hearing seeking an exception to the privilege." *Haines*, 975 F.2d at 97. After such a hearing, the Court applies a preponderance of the evidence standard to determine whether the explanation of the party asserting the privilege is sufficient to rebut the evidence presented by the party seeking to overcome the privilege. *Am. Tobacco*, 697 So. 2d at 1256. The privilege remains if the evidence provided by the party asserting the privilege is sufficient to rebut the evidence presented by the party seeking to overcome the privilege. Conversely, the privilege is lost if the evidence provided by the party asserting the privilege fails to rebut the evidence presented by the party seeking to overcome the privilege. *Id.*

In the instant case, Defendants presented evidence that the crime-fraud exception does not apply in response to Plaintiffs' attempt to make its *prima facie* showing that the crime-fraud exception applies. D.I. 551 at 18. Judge Burke did not consider that evidence, explaining that such evidence should only be considered *after* Plaintiff makes its *prima facie* showing. *Id.* at 25. Judge Burke found, after considering only the evidence put forth by Plaintiffs, that Plaintiff had made its *prima facie* showing that the crime-fraud exception applies. *Id.* However, Judge Burke

explained that he would have found that the crime-fraud exception *does not* apply had he also considered the evidence put forth by Defendants. *Id.*

Defendants argue that Judge Burke should have considered the evidence that they put forward when determining whether Plaintiffs had made a *prima facie* showing that the crime-fraud exception applies. Plaintiffs disagree, and argue that a *prima facie* showing "does not involve the weighing of the evidence" and that an evidentiary hearing is required once Plaintiffs have made a *prima facie* showing that the crime-fraud exception applies. The Court agrees with Plaintiffs that courts are not required to consider the evidence put forth by a party seeking to assert the privilege when determining whether the party opposing the privilege has made a *prima facie* showing that the crime-fraud exception applies. However, it does not follow that an evidentiary hearing is required once the party opposing the privilege makes its *prima facie* showing that the crime-fraud exception applies. For example, in *Haines*, the Third Circuit explained that the Court may engage in *in camera* review to determine the applicability of the crime-fraud exception based solely on the submissions of the party seeking to overcome the privilege (i.e. after the party opposing the privilege makes its *prima facie* showing that the crime-fraud exception applies):

> For in camera inspection, it would be sufficient for the district court, in its discretion, to consider only the presentation made by the party challenging the privilege. *The court may decide on this submission alone* whether a factual basis is present to support a good faith belief by a reasonable person that the materials may reveal evidence of a crime or fraud.

*Haines*, 975 F.2d at 96 (emphasis added). However, no evidentiary hearing would be necessary if, after reviewing the communications at-issue *in camera*, the Court determines that the communications at-issue do not support the theory of fraud advanced by the party opposing the privilege. *Id.*

7

Thus, *Haines* and *Am. Tobacco* merely set forth lower- and upper-bounds on the Court's discretion. The Court cannot intrude on the privilege and order *in-camera* review before finding that the party opposing the privilege has made a *prima facie* showing that the crime-fraud exception applies. *Haines*, 975 F.2d at 96. Similarly, the Court cannot find that the attorney-client privilege has been lost due to the crime-fraud exception without first granting the party seeking to assert the privilege the opportunity to be heard at an evidentiary hearing. *Id.* at 96-97. Within those bounds, however, the Court may, in its sound discretion, conduct proceedings less formal than an evidentiary hearing to determine whether the crime-fraud exception does not apply (such as *in camera* review, or ordering briefing on the issue). *Id.*

Judge Burke declined to conduct *in camera* review and, instead, ordered that an evidentiary hearing be held on the applicability of the crime-fraud exception to the attorney-client privilege. Plaintiffs are entitled to respond to Defendants' factual allegations and, as Judge Burke explained, the additional evidence (such as testimonial evidence) that could be presented at such a hearing "might change the overall evidentiary calculus." *Id.*; *Gutter v. E.I. Dupont De Nemours*, 124 F. Supp. 2d 1291, 1307 (S.D. Fla. 2000) ("*Haines* simply contemplates a hearing in which both parties are given the opportunity to present evidence and argument on whether the evidence, if believed by trier of fact, would be sufficient to support a finding that the elements of the crime/fraud exception were met."). Also, for the reasons explained below, Judge Burke did not "clearly err" in finding that Plaintiffs made a *prima facie* showing that the crime-fraud exception applies. Thus, the Court agrees that, under the circumstances of this case, "the proper decision here is to simply grant Plaintiffs' Motion and schedule a hearing." *Id.* Accordingly, the Court OVERRULES Defendants' objections to the Crime-Fraud Order and ADOPTS Judge Burke's Crime-Fraud Order.

8

### ii. Whether The Crime Fraud Order Clearly Erred In Determining That Plaintiffs Established A Prima Facie Showing That The Crime-Fraud Exception Applies.

Defendants argue that Judge Burke failed to apply the correct legal standard because Judge Burke did not identify any evidence put forward by Plaintiffs sufficient to establish the necessary element of reliance. D.I. 557. Reliance is an element of a fraudulent misrepresentation claim.[5] The Court agrees with Defendants that Judge Burke did not explicitly address reliance. *See generally* D.I. 551. However, the Court "must accept the factual determination of the fact finder unless that determination 'either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *AgroFresh Inc. v. Essentiv LLC*, 2019 WL 4917894, at *1 (D. Del. Oct. 4, 2019) (quoting *Haines*, 975 F.2d at 92). Also, at this stage, Plaintiffs only need to make a *prima facie* showing that the crime-fraud exception applies, by providing "evidence which, if believed by the fact-finder, supports plaintiff's theory of fraud." *Haines*, 975 F.2d at 96. That burden is a "low hurdle." *United States v. Stein*, 2023 WL 2585033, at *3 (S.D. Fla. Mar. 21, 2023).

The Court finds that Plaintiffs provided evidence of reliance, through its assertions that Plaintiffs (1) relied on Mr. Voss' (and other high-level Savencia employees) misrepresentations that Mr. Voss was the President and CEO of SFI, had day-to-day managerial and autonomous control over SFI, and ran SFI without interference; and (2) would not have purchased Schratter but for Defendants' misrepresentations regarding, *inter alia*, Mr. Voss' status at Savencia. *See* D.I. 272, Ex. 2 at ¶¶ 5, 9-10, 29-33; *see also* D.I. 272 at 3.

---

[5] In order to assert a claim of fraud under Florida law, a plaintiff must sufficiently allege: (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) the intent by the person making the statement that the representation will induce another to act on it; and (4) reliance on the representation to the injury of the other party. *Lance v. Wade*, 457 So. 2d 1008, 1011 (Fla. 1984).

Defendant also argues that it was a "clearly erroneous factual error to hold that the evidence presented by Plaintiffs was sufficient to make any kind of showing that the crime-fraud exception might apply here." D.I. 557 at 5. The Court disagrees. "The question here is not whether the evidence supports a verdict but whether it calls for inquiry. Courts often use '*prima facie* evidence' to refer to enough to require explanation rather than evidence that by itself satisfies a more-likely-than-not standard." *Matter of Feldberg*, 862 F.2d 622, 625-626 (7th Cir. 1988). Judge Burke identified evidence sufficient to "call for inquiry" into Mr. Gitlin's conduct regarding certain communications between Mr. Gitlin and Defendants about what information would be provided to Plaintiffs regarding Mr. Voss' status at Savencia. *See, e.g.*, D.I. 551 at 17 (identifying a document that could be read "as an instance of Mr. Gitlin providing legal advice that furthered Defendants' alleged efforts to hide key information about Mr. Voss' true role and authority from Plaintiffs" because Mr. Gitlin did not advocate for sharing the Voss Employment Agreement with Plaintiffs). Thus, Judge Burke properly found that Plaintiffs had established a *prima facie* showing that the crime-fraud exception applies to those communications and appropriately shifted the burden "to require the adverse party, the one with superior access to the evidence and in the best position to explain things, to come forward with that explanation." *Matter of Feldberg*, 862 F.2d at 626.

Accordingly, the Court finds that Judge Burke did not abuse his discretion in finding that Plaintiffs established a *prima facie* showing that the crime-fraud exception applies. Thus, the Court OVERRULES Defendants' objections to the Crime-Fraud Order.

### C. Plaintiffs' Limited Objections to The Crime-Fraud Order.

Plaintiffs agree with the overall result of the Crime-Fraud Order, but object to (1) Judge Burke's decision to not consider Plaintiffs' evidence of Defendants' alleged financial

misrepresentations, and (2) Judge Burke's purported decision to not review any documents *in camera* in connection with the evidentiary hearing on Plaintiffs' Motion regarding the applicability of the crime-fraud exception in this action. D.I. 556 at 2.

### i. Whether Plaintiffs Adequately Alleged That Defendants Committed Financial Misrepresentations.

In the Crime-Fraud Order, Judge Burke explained that Plaintiffs alleged that Defendants committed fraudulent conduct in three particular ways. D.I. 551 at 9. Then, in Footnote 14, Judge Burke explained that he was declining to consider whether one of those fraudulent conduct allegations (the financial misrepresentations issue) supported Plaintiffs' attempt to make a *prima facie* showing that the crime-fraud exception applies because Plaintiffs could not move forward with that issue as it had not been adequately plead. *Id.*, n. 14.

In a previous Report and Recommendation (the Motion to Dismiss R&R), Judge Burke concluded that Plaintiffs had failed to state a plausible fraud claim regarding Plaintiffs' allegations that Defendants committed fraudulent financial misrepresentations or omissions. D.I. 185 at 36-38. Judge Andrews (the District Judge who was presiding over the case at that time) adopted-in-part the Motion to Dismiss R&R. D.I. 198. Judge Andrews stated that the Motion to Dismiss R&R "recommends that Plaintiffs be allowed to move forward with each of the nine Counts of the Second Amended Complaint," but "carv[es] out particular allegations that have not met the pleading standard." *Id.* Judge Andrews found that "Plaintiffs have plausibly stated a claim for each count, as the Magistrate Judge held" and "allow[ed] the Plaintiffs to move forward with each Count in their Second Amended Complaint." *Id.* However, Judge Andrews explained that "[t]he complaint should not be parsed piece by piece to determine whether each allegation, in isolation, is plausible" and that the Court's "obligation is not to read each allegation in isolation nor to nitpick

11

a complaint line by line, paragraph by paragraph." *Id.* Thus, Judge Andrews adopted-in-part the Motion to Dismiss R&R, dismissed Plaintiffs' objections as moot, and denied Defendants' motions to dismiss for failure to state a claim. *Id.*

Judge Burke explained that, notwithstanding Judge Andrews' Order, the fraudulent financial misrepresentations issue had not been properly plead because (1) the Motion to Dismiss R&R found that Plaintiffs had not sufficiently plead that theory of fraud, and (2) no District Judge has contradicted that decision, or determined that Plaintiffs did sufficiently plead those theories of fraud in this case. D.I. 551, n. 14. Accordingly, Judge Burke explained, "the status quo is that Plaintiffs have not properly given notice of these types of fraud claims to Defendants, such that Plaintiffs cannot move forward with such claims herein." *Id.*

The Court agrees with Plaintiffs that it may procced with its fraudulent financial misrepresentation allegations at this time. The Motion to Dismiss R&R recommended that Defendants' motions to dismiss be granted-in-part and denied-in-part. D.I. 185 at 36-38. Judge Andrews, however, adopted-in-part the Motion to Dismiss R&R by denying Defendants' motions to dismiss in their entirety. D.I. 198. Judge Andrews also dismissed Plaintiffs' objections as moot. *Id.* The Court does not think that those objections would have been moot if Judge Andrews' Order adopted the Motion to Dismiss R&R's recommendation that certain specific allegations were not adequately plead, because Plaintiffs objected to the recommendation of dismissal of certain of the allegations of fraud. *See* D.I. 192 at 5-8. Accordingly, the Court interprets Judge Andrews' Order as a finding that Plaintiffs adequately plead each allegation in its Second Amended Complaint. Thus, the Court agrees with Plaintiffs that Plaintiffs should be permitted to introduce evidence at the evidentiary hearing in support of its allegations that Defendants made fraudulent misrepresentations. Accordingly, the Court SUSTAINS-IN-PART Plaintiffs' Objections. The

12

Crime-Fraud Order is REVERSED to the extent that it is inconsistent with the Court's finding that Plaintiffs adequately plead each allegation in its Second Amended Complaint.

### ii. Whether The Crime-Fraud Order Clearly Erred In Declining To Conduct *In-Camera* Review Of Unidentified Documents.

Plaintiffs object to Footnote 11 of the Crime-Fraud Order to the extent that Judge Burke decided to not conduct any *in camera* review in connection with the evidentiary hearing on the applicability of the crime-fraud exception in this case. D.I. 556. Plaintiffs' objection is denied-as-premature. Neither party has asked for *in camera* review of any documents, and the Court does not think that Judge Burke preemptively ruled in Footnote 11 that the Court will not consider a timely-made request that it review any documents *in camera* in connection with the evidentiary hearing. Accordingly, the COURT OVERRULES-IN-PART Plaintiffs' Objections, and ADOPTS Footnote 11.

## III. CONCLUSION

WHEREFORE, at Wilmington this 21st day of June 2024, **IT IS HEREBY ORDERED** that:

1. Judge Burke's January 11, 2024 Order denying Mr. Gitlin's Motion to Quash or, in the Alternative, for a Protective Order is ADOPTED for the reasons stated by Judge Burke. Defendants' Objections are OVERRULED.

2. Judge Burke's January 4, 2024 Memorandum Order ordering that an evidentiary hearing shall be held to allow for a final determination as to whether the crime-fraud exception applies here is ADOPTED-IN-PART and REVERSED-IN-PART as follows:

13

      a. Defendants' Objections are OVERRULED.

      b. Plaintiffs' Objections are SUSTAINED-IN-PART and OVERRULED-IN-PART as explained herein.