IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECB USA, INC., a Florida corporation, and ATLANTIC VENTURES CORP., a Florida Corporation,<br>    Plaintiffs,<br><br>      v.<br><br>SAVENCIA, S.A., a/k/a SAVENCIA FROMAGE & DAIRY, a French corporation, et al.,<br><br>    Defendants.<br><br>ZAUSNER FOODS CORP., a Delaware corporation, et al.,<br>    Counterclaim Plaintiff,<br><br>      v.<br><br>ECB USA, INC., a Florida corporation, and ATLANTIC VENTURES CORP., a Florida corporation,<br>    Counterclaim-Defendants,<br><br>ZAUSNER FOODS CORP., a Delaware corporation, et al.,<br>    Third-Party Plaintiff,<br><br>      v.<br><br>G.I.E. C2B, a French entity, and John Doe Defendants 1-10,<br>    Third-Party Defendants. | Civil Action No. 19-731–GBW-CJB |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiffs' Motion for Reargument, D.I. 620, in connection with the Court's prior ruling overruling Plaintiffs' Objections to Magistrate Judge Burke's Order denying Plaintiffs' Motion to Strike Defendants' Amended Initial Disclosures or, in the alternative, to order Bart McNeill and Ronan Loaec to appear for deposition. *See* D.I. 614, at *7-8. Having reviewed the pending motion and the parties' related briefing, Plaintiffs' Motion for Reargument, D.I. 620, is **DENIED.**

## I. BACKGROUND

On March 9, 2023, before the close of discovery, Defendants served Amended Initial Disclosures that added the names of several witnesses, including Bart McNeill ("Mr. McNeill"), IT Technical Services Manager of Defendant Zausner Foods Corp. ("Zausner"), and Ronan Loaec ("Mr. Loaec"), Chief Information Officer of Zausner. D.I. 390-3; D.I. 349, at 3. However, long before Defendants amended their initial disclosures, Plaintiffs knew or should have known that Mr. McNeill and Mr. Loaec were potential fact witnesses, since both were identified to Plaintiffs as document custodians as early as June 29, 2020, with Plaintiffs specifically requesting Mr. McNeill be a document custodian. *See* D.I. 394, Ex. 1, at 1-2; D.I. 424.

Plaintiffs moved to strike Defendants' Amended Initial Disclosures or, in the alternative, to re-open discovery to take the depositions of Messrs. McNeill and Loaec. D.I. 330 at 2-3. After evaluating briefing from both sides, Judge Burke entered an Oral Order denying Plaintiffs' Motion to Strike. D.I. 424 ("Here, the fact that Mr. Loaec and Mr. McNeill were individuals who were likely to have discoverable information was clearly made known to Plaintiffs well prior (indeed, years prior) to the submission of Defendants' amended disclosures. . . . Thus, no supplementation or correction was required as to these two individuals.") (internal citations omitted). Plaintiffs subsequently filed objections to Judge Burke's Order. D.I. 579. After evaluating Plaintiffs'

2

objections to Judge Burke's Order on Plaintiffs' Motion to Strike, this Court overruled Plaintiffs' objections. D.I. 614.

Plaintiffs' pending motion, D.I. 620, seeks reargument/reconsideration of the Court's Order which overruled Plaintiffs' objections to Judge Burke's Order on Plaintiffs' Motion to Strike, D.I. 614, at *7-8.

## II. LEGAL STANDARD

The purpose of a motion for reargument or reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, "Plaintiffs acknowledge that motions for reargument are 'sparingly granted,' Del. Dist. L.R. 7.1.5, and that '[t]he decision to grant such a motion lies squarely within [this Court's] discretion.'" D.I. 620, at 3 (quoting *Zazzali v. Swenson*, 852 F. Supp. 2d 438, 454 (D. Del. 2012)).

## III. ANALYSIS

Plaintiffs assert two arguments which they claim warrant reconsideration/reargument of the Court's Order overruling Plaintiffs' objections to Judge Burke's Order on Plaintiffs' Motion to Strike. First, Plaintiffs assert that "reargument should be granted because the Court allegedly based its decision on the mistaken fact that Defendants' initial disclosures had disclosed McNeill and Loaec pursuant to Rule 26(a)(1)(A)(i)." D.I. 620, at 4. However, Plaintiffs misconstrue the statement in the Court's Memorandum Order that "those individuals were identified in Defendants' initial disclosures." D.I. 614, at *7. Importantly, in the sentence immediately preceding that statement, the Court expressly noted that "[j]ust before the close of discovery, Defendants amended their initial disclosures to include" Messrs. McNeill and Loaec. *See id*

(emphasis added). Therefore, the Court was not under the mistaken belief that Messrs. McNeil and Loaec were specifically identified in the initial disclosures prior to their amendment and did not base its decision overruling Plaintiffs' objections on a mistaken fact.

Second, Plaintiffs assert that the Court misconstrued the requirements of Rule 26 because the designation of custodians does not equate to disclosure of witnesses who have knowledge of information that Defendants may use to support their claims or defenses. D.I. 620, at 4. However, the Court already considered and rejected that argument by Plaintiffs. D.I. 614, at *7-8. Therefore, Plaintiffs' present motion raises nothing new other than a disagreement with the outcome of the Court' ruling. Plaintiffs' motion does not raise a manifest error of law or fact or any newly discovered evidence. Simply put, Plaintiffs' dissatisfaction with the outcome of their motion to strike is not a valid basis for reargument.

Accordingly, Plaintiffs' Motion for Reargument, D.I. 620, is **DENIED**.

\*\*\*

At Wilmington, this 29th day of October 2024, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reargument, D.I. 620, is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE