# Morgan Lewis

**Jody C. Barillare**
Partner
+1.302.574.7294
jody.barillare@morganlewis.com

November 25, 2024

VIA ELECTRONIC FILING

The Honorable Christopher J. Burke
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28, Room 2325
Wilmington, DE 19801-3555

      Re:   *ECB USA, Inc. et al. v. Zausner Foods Corp. et al.*, No. 1:19-cv-00731-GBW-CJB.

Dear Judge Burke:

Defendant Savencia SA and Defendant and Counterclaimant Zausner Foods Corp. (collectively, "Defendants") are constrained to write seeking expedited clarification of this Court's November 5, 2024 Order, instructing Defendants to re-file their Motions for Summary Judgment in accordance with Judge Williams's form Rule 16 Scheduling Order for non-patent jury trials (which does not impose express page limits) on or before November 22.

In relevant part, the Order stated:

> As to the summary judgment process, ***the parties shall follow Judge Williams' procedures set out in Paragraph 9 of Judge Williams' form "Rule 16 Scheduling Order - Non-Patent (Jury Trial),"*** *which can be found on Judge Williams' portion of the District Court's website under the Forms tab: ([https://www.ded.uscourts.gov/judge/district-judge-gregory-b-williams](https://www.ded.uscourts.gov/judge/district-judge-gregory-b-williams))*, including: (a) Both parties'

**Morgan, Lewis & Bockius LLP**

1201 N. Market Street, Suite 2201
Wilmington, DE 19801     ☏ +1.302.574.3000
United States     ✉ +1.302.574.3001

The Honorable Christopher J. Burke
November 25, 2024
Page 2

> combined briefing regarding all of Defendants' summary judgment motion(s) is limited to 50 pages. Defendants' opening briefing and Plaintiffs' answering briefing shall not exceed twenty (20) pages, respectively. Defendants' reply briefing shall not exceed ten (10) pages.; . . .

D.I. 636 (emphasis added). For the reasons set forth below, Defendants interpreted this Order to be a restatement of the same procedures that all parties (including Plaintiffs) had followed when they first filed their summary judgment motions in June 2023, in which Plaintiffs received the benefit of combined opening briefing exceeding 20 pages for their two summary judgment motions. To that end, Defendants re-filed modestly revised versions of their four summary judgment motions ("Motions") that they had originally filed on June 28, 2023, limiting the opening briefing for each to no more than 20 pages, and addressing new evidence developed since their original summary judgment motions were filed, later deferred, and denied without prejudice to re-filing at a later date (which eventually became Friday, November 22). On Saturday, November 23, Plaintiffs' Florida counsel emailed Defendants' counsel group, noting that he contended Defendants violated the November 5 Order, and that Plaintiffs intend to move to strike the Motions and briefing in support.

**Relevant Procedural History**

Both sides filed motions for summary judgment on June 28, 2023, and ***all parties*** submitted their respective dispositive motions in compliance with the Fourth Amended Scheduling Order, which had been So Ordered by the Court in response to the parties' Stipulation Proposing Entry of Fourth Amended Scheduling Order. *See* D.I. 421-1 and June 21, 2023 So Order.

The Fourth Amended Scheduling Order was based on Judge Williams's form Rule 16 Scheduling Order for non-patent jury trial cases, which the parties reciprocally interpreted as allowing up to 20 pages per opening brief in support of each motion, rather than 20 total pages for all opening briefs combined. *See, e.g.*, Briefs in Support of ***Plaintiffs'*** Motions for Summary Judgment (D.I. 447) (20 pages); (D.I. 453) (8 pages).

The Honorable Christopher J. Burke
November 25, 2024
Page 3

After the parties had filed their respective dispositive motions and their Concise Statement of Facts in support, on July 12, 2023, Plaintiffs filed an Expedited Motion for Leave to File Supplemental Statement of Facts, which sought to depart from Judge Williams's directive to file a 4-page counterstatement of facts and instead file a consolidated 16-page counterstatement of facts. D.I. 455. Defendants opposed, arguing that:

> 2. ***The parties jointly agreed to adopt Judge Williams' preferred format for dispositive motion briefing***, pursuant to which the parties agreed to submit separate motion papers on specific issues, numbered in the order in which the parties wished the Court to consider them, accompanied by separate statements of facts, ***all of which had to comply with strict page and word limits***. *See* D.I. 421-1.
>
> 8. ***The Court has a preferred set of briefing formats and requirements for a reason. The parties agreed in the Fourth Amended Scheduling Order to follow those requirements. Defendants followed those requirements in briefing their motions***. Now, Plaintiffs should also have to follow them, and not be permitted to rewrite the rules on the fly to suit their purposes.

D.I. 456 at 2-3, 5 (emphasis added). The Court denied Plaintiffs' motion, agreeing with Defendants: "[t]here is no good cause to alter the dictates of the jointly-agreed-upon operative Scheduling Order as it relates to summary judgment motion briefing, for the reasons set out by Defendants in their response, . . ." D.I. 457. Defendants reasonably understood this ruling to mean that the parties' agreement had reflected compliance with Judge Williams's form Rule 16 Scheduling Order, including that it was permissible to file multiple summary judgment motions with supporting briefs of up to 20 pages each, numbering each for serial consideration consistent with Judge Williams's procedure.

On August 2, 2023, ***before*** the parties had even completed briefing on summary judgment, Plaintiffs filed a Motion to Defer Summary Judgment (D.I. 492, 493), asking the Court to defer ruling on ***Defendants'*** summary judgment

The Honorable Christopher J. Burke
November 25, 2024
Page 4

motions only, until after the resolution of certain discovery disputes, namely, the evidentiary hearing on Plaintiffs' crime-fraud motion and the deposition of Lewis D. Gitlin. On February 7, 2024, the Court granted the deferral and denied Defendants' prior motions for summary judgment without prejudice to renew. D.I. 571. In its Order, the Court did not state that Defendants had misinterpreted or violated Judge Williams's rules governing summary judgment briefing, nor did it indicate that Defendants would have more restrictive page limits in their briefing when they renewed these yet-to be-considered Motions.

On September 19, 2024, the Court ruled on Plaintiffs' two pending motions for summary judgment (D.I. 627), which had combined opening briefing exceeding 20 pages.

On November 22, 2024, Defendants renewed their prior Motions, updating them to include testimony from the July 11, 2024 evidentiary hearing and to reflect updated case law, but otherwise largely setting forth the same arguments and facts as before. And, as before, each Motion was supported by a brief of up to 20 pages.

*   *   *

Defendants believe they have complied, again, with Judge Williams's form Rule 16 Scheduling Order, but (i) in light of Plaintiffs' suggestion that they will move to strike the briefing (early in the Thanksgiving week) and due to the tight timelines associated with dispositive motion briefing and later pretrial submissions in advance of the Feb. 18 – 24 timed jury trial setting, and (ii) out of an abundance of caution, Defendants respectfully seek the Court's expedited clarification as to whether (1) Defendants' re-filed briefing is compliant with the Court's directive, meaning Plaintiffs have up to 20 pages for each brief in opposition, and Defendants have 10 pages for each reply brief, or (2) Defendants inadvertently misinterpreted the November 5 Order on briefing. If the Court advises the latter, then Defendants seek either (i) a modification of the November 5 Order to permit the Motions, as filed, and permit Plaintiffs to file briefing as noted above, or (ii) leave to revise and refile the Motions with a combined 20-page limit for all 4 Motions, and an extension of the deadline to do so until Friday, December 6, 2024, with a 20-page limited set of responses due Friday, December 20, 2024, and a 10-page limited set of reply briefs due

The Honorable Christopher J. Burke
November 25, 2024
Page 5

Monday, December 30, 2024 (to account for the intervening Christmas holidays).

Respectfully,

*/s/ Jody Barillare*

Jody Barillare (#5107)

cc: All counsel of record